O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KARIM W. RAHMAAN, | ) | Case No. 16-cv-8274 DDP (RAO) |
| | ) | |
| Plaintiff, | ) | **ORDER ADOPTING IN PART AND** |
| | ) | **REJECTING IN PART REPORT AND** |
| v. | ) | **RECOMMENDATION** |
| | ) | |
| THE COMMUNITY DEVELOPMENT | ) | [27] |
| COMMISSION OF LOS ANGELES, THE | ) | |
| HOUSING AUTHORITY OF THE | ) | |
| COUNTY OF LOS ANGELES, | ) | |
| | ) | |
| Defendants. | ) | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Complaint ("FAC"), all the relevant records and files, and the Report and Recommendation of the United States Magistrate Judge ("R&R"). Objections to the Report and Recommendation have been filed, and the Court has made a *de novo* determination of those portions of the Report and Recommendation to which objections have been made.

The Court concurs with the majority of the Magistrate Judge's findings, conclusions, and recommendations, but the Court disagrees with the R&R's ultimate

recommendation to dismiss the FAC "with prejudice" because the Court finds that Plaintiff may amend the FAC to state a claim for relief on his due process claim.

Accordingly, the Court rejects the R&R's recommendation to dismiss the complaint with prejudice, Part IV.E. The Federal Rules of Civil Procedure encourage courts to "freely give leave when justice so requires," *id.*, and the Ninth Circuit has instructed courts to apply Rule 15(a)(2) liberally, *see Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). Applying this standard, the court appends the following paragraph to the end of Part V.C of the R&R:

> "Notwithstanding the above, the Court concludes that Rahmaan may raise cognizable claims for relief on other due process grounds. In this case, Rahmaan's application was denied because he was on parole when he submitted his Section 8 application. Section 2.8.1(8) provides that the "Housing Authority shall deny admission if the applicant. . . has not completed parole or probation, including summary probation." (Housing Authority Administrative Plan 2014, § 2.8.1, Dkt. 21-2.) Rahmaan timely requested an informal review of the denial, submitting evidence of an intervening circumstance: the early termination of his probation. Thus, Rahmaan's was no longer ineligible for Section 8 housing on the basis of his parole status.
>
> Following its informal review, the Housing Authority issued Rahmaan a letter, declining to reinstate his Section 8 application. The letter states that "[i]n accordance with Section 2.8.1(8) of the Housing Authority's Administrative Plan, it was found that, at this time, you are not eligible for the program. . . . You were on probation at the time of the eligibility determination." (FAC, Ex. A) In other words, the Housing Authority confined its informal review to Rahmaan's eligibility for Section 8 at the time of the original determination, and did not consider intervening changes in Rahmaan's eligibility based on his parole status. Aside from the question of whether such a practice is consistent with the practices or policies of the Housing Authority,[1] it is unclear whether such a practice comports with substantive due process.

---

[1] To plead a Section 1983 claim against a local government entity, Plaintiff must allege that the constitutional violation was "caused by a policy, practice, or custom of the entity." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Here, Defendants suggest that the decision to limit informal review to the time of the initial eligibility

2

Although the First Amended Complaint does not specify this theory of recovery, the facts alleged therein may support a due process violation on the grounds that Defendants did not conduct a proper informal review of the application. Rahmaan may claim that Defendants' informal review was substantively defective because it did not allow for consideration of his early termination of parole as an intervening circumstance.

The provision cited in the Housing Authority's letter, Section 2.8.1(8), bars admission of those individuals who are currently on probation. But it does not bar an applicant like Rahmaan who was *previously* on probation. Moreover, Section 8 "[a]pplicants are required to notify the Housing Authority. . . when their circumstances change. . . ." (Housing Authority Administrative Plan 2014, § 3.2.3, Dkt. 21-2). Despite this, the Housing Authority's informal review did not permit an applicant such as Rahmaan to correct a prior deficiency by submitting proof of his current eligibility. Under these circumstances, the Court finds that Rahmaan may amend the complaint to plead violations of his due process rights arising from Defendants' policies or practices in their administration of the informal review process."

In addition, Plaintiff raises several arguments in his Objections to the R&R. (Dkt. 36.) Plaintiff objects to the Report's finding that the FAC fails to state a cognizable due process claim. (Objections ¶¶ 1, 5.) Plaintiff states that an employee of Defendants informed Plaintiff that he needed to be off probation before the informal hearing to qualify for the Section 8 program. (*Id.*) Plaintiff alleges that Defendants are liable under a municipal liability theory for this employee's false representation. (*Id.* ¶ 13.) Plaintiff also objects to the Report's finding that he failed to request an accommodation for his disability. (*Id.* ¶ 12.) Plaintiff states that he acted as promptly as possible to come off of probation and did not have time to gather records and request a reasonable accommodation. (*Id.* ¶ 3.)

The Court agrees with Defendants that Plaintiff improperly raises for the first time in his Objections factual allegations regarding a misrepresentation by one of Defendants'

---

determination was undertaken "in accordance with" policy. *See* Defs.' Resp. at 5 ("The subsequent informal review merely verified that Plaintiff's application was correctly denied consistent with Section 2.8.1(8) because he was on probation when he applied.").

employees and the reasons why Plaintiff did not timely request a reasonable accommodation. Even after consideration of the new allegations, however, the Court agrees with the Magistrate Judge's conclusion that Plaintiff's FAC fails to set forth a cognizable Section 1983, Rehabilitation Act, or ADA claim.

Therefore, the Report and Recommendation is ADOPTED in part and REJECTED in part. Defendants' Motion to Dismiss the FAC is GRANTED. However, Plaintiff is granted leave to amend the FAC to plead allegations relevant to the potential due process violation described above and arising from Defendants' refusal to consider evidence of Plaintiff's early termination of parole during its informal review process. Plaintiff shall file an amended complaint within thirty (30) days of this Order, or by Friday, February 23, 2018.

**IT IS SO ORDERED.**

Dated: January 23, 2018

_____

DEAN D. PREGERSON

UNITED STATES DISTRICT JUDGE